```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JANET SOLNIN,
                        Plaintiff,            ORDER ADOPTING R&R
        -against-                             08-cv-2759 (DRH)(AYS)

SUN LIFE AND HEALTH INSURANCE
COMPANY, GENWORTH LIFE AND
HEALTH INSURANCE COMPANY, GE
GROUP LIFE ASSURANCE COMPANY,
and PHOENIX LIFE INSURANCE
COMPANY,

                        Defendants.
-------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation ("R&R), dated February 28, 2018, of Magistrate Judge Anne Y. Shields, recommending that the Court grant in part and deny in part Plaintiff's Counsel's motion for attorney's fees. Plaintiff's Counsel filed an objection to those portions of the R&R: (1) recommending that the Eastern District of New York ("E.D.N.Y.") lodestar rate apply, and (2) reducing the number of hours billed by 33%. After a series of requests for extensions to file memoranda in support and in opposition to Counsel's objections, the matter is now before the Court.

## BACKGROUND

Plaintiff Janet Solnin ("Plaintiff") brought this action under the Employment Retirement Income Security Act of 1974 as amended ("ERISA") to recover long-term disability ("LTD") allegedly due from Sun Life and Health Insurance Company, Genworth Life and Health Insurance Company, GE Group Life Assurance Company, and Phoenix Life Insurance Company (collectively "Defendants"), under an employee benefit plan. On April 1, 2014, the Parties

agreed to a bench trial on a stipulated record. On October 28, 2015, this Court entered its Findings of Fact and Conclusions of Law, holding that Plaintiff had proven by a preponderance of the evidence that she was entitled to disability benefits. (Findings of Fact [DE 66] at 26.) The Court ultimately granted judgment to Plaintiff in the amount of $188,926.77 for the fourteen year time period in question, in addition to ongoing benefits in accordance with the terms and conditions of the LTD policy at issue. (Judgment [DE 68] at 1.) Defendants filed a Notice of Appeal on November 24, 2015. The Second Circuit affirmed this Court's decision regarding the Findings of Fact and the amount of the judgment on May 23, 2017.

On May 12, 2017, Plaintiff's Counsel at Riemer & Associates LLC ("Plaintiff's Counsel" or "Counsel") filed a motion for attorney's fees seeking to collect $515,716.50 in attorney's fees, $867.02 costs, as well as pre- and post-judgment interest on the Judgment entered November 25, 2015 [DE 68]. Of the attorney's fees sought, $13,297.50 was to be awarded to Turley, Redmond Rosasco & Rosasco LLP ("Turley Redmond"), and the rest was to be awarded to Plaintiff's Counsel. This Court referred the motion to Judge Shields on May 25, 2017.

On February 28, 2018, Judge Shields issued the instant R&R. Judge Shields recommends that there be no award of attorney's fees to Turley Redmond as the motion on their behalf consisted of a "disorganized and confusing set of papers." (R&R at 6.) The R&R further recommends that Plaintiff's Counsel's hourly rates be reduced from the requested S.D.N.Y. rates to the E.D.N.Y. lodestar rates as follows: (1) the partner rate was reduced from $720 per hour to $400 per hour; (2) the senior associate rate was reduced from $500 per hour to $300; (3) the mid-level associate rate was reduced from $450 per hour to $225; (4) the junior associate rate was reduced from $300 per hour to $150; and (5) the paralegal rate was reduced from $280 per hour to $95. (*Id.* at 6–8.) Additionally, the R&R proposes a 33% reduction in the number of attorney

hours billed due to questionable hours, "block-billing," and vague descriptions of how the time was spent. (*Id.* at 10.) Finally, the R&R recommends costs in an amount of $659.90, a prejudgment interest rate of 4%, and post-judgment interest calculated from November 25, 2015 to the date of payment at the rate set forth in 28 U.S.C. § 1961. (*Id.* 11–13.)

Plaintiff's Counsel filed objections to the R&R on March 13, 2018. Counsel, who is based in the Southern District of New York ("S.D.N.Y."), argues that the S.D.N.Y. lodestar rate rather than the E.D.N.Y. lodestar rate should apply. (Mem. in Supp. [DE 85] at 1.) In the alternative, Counsel avers that if the E.D.N.Y. lodestar rate applies, the R&R's recommendation was 8% to 31% lower than prevailing market rates in this distrct. (*Id.* at 1–2.) Finally, Counsel claims that the 33% reduction in the number of hours billed was "unsupported and excessive." (*Id.* at 2.)

## APPLICABLE STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Accordingly, the Court reviewed de novo the motion for attorney's fees as to the hourly rate and the number of hours.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 7, the Court reviews the unobjected to portions of the R&R for clear error. Plaintiff's Counsel did not challenge the $0 award to Turley Redmond, the amount of costs, the 4% pre-judgment interest rate, the grant of post-judgment interest, or the R&R's recommendation *not* to reduce the paralegal hours. Accordingly, the Court reviewed these recommendations for clear error.

# DISCUSSION

I. *The E.D.N.Y. Rate Is the Appropriate Lodestar*

    a. Legal Standard

ERISA § 1132(g)(1) provides in relevant part that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court has held that a court may award attorney's fees and costs "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

In determining a "presumptively reasonable fee" to award to an attorney, the "starting point" is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has explained that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. Ex. rel. Winn.*, 559 U.S. 542, 551 (2010) (emphasis in original). "While a district court must calculate the lodestar, it is not 'conclusive in all circumstances.'" *Millea*, 658 F.3d at 166 (quoting *Perdue*, 559 U.S. at 552)). A district court may adjust the lodestar "when it does not adequately take into account a factor that may properly considered in determining a reasonable fee," but this is only appropriate in "rare circumstances." *Id.* (internal quotation marks omitted). To calculate the lodestar, courts use the "prevailing [hourly rate] in the community." *Arbor Hill*, 522 F.3d at 190. The "'community' for purposes of this calculation is

the district where the district court sits." *Id.* (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).  The Second Circuit has clarified that "a district *may* use an out-of-district hourly rate—or some rate in between the out-of-district rate sought and the rates charged by local attorneys—in calculating the presumptively reasonable fee if it is clear that a reasonable paying client would have paid those higher rates." *Arbor Hill*, 522 F.3d at 191.  Even so, the Second Circuit "presumes . . . that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally." *Id.*  This presumption may be rebutted "only in the unusual case[.]" *Id.*

      b.   The E.D.N.Y. Rate is the Appropriate Lodestar

Plaintiff's Counsel argues that the R&R "failed to consider whether [Plaintiff's] decision to retain S.D.N.Y. counsel was reasonable" under the standard set forth in *Arbor Hill*, 522 F.3d at 190.  Counsel claim that in light of certain factors such as Counsel's ERISA expertise and Plaintiff's likelihood of obtaining a better result due to that expertise, Counsel should be awarded the higher S.D.N.Y. rate.  (*See* Mem. in Supp. at 2–4.)  Counsel points to the fact that they were brought in by Turley Redmond after Turley Redmond failed to secure a determination in Plaintiff's favor.  (*Id.*)  Counsel also insists that the "complicated history and nuanced legal questions presented in this case speaks to the level of ERISA expertise [Plaintiff's counsel] needed to prevail." (*Id.* at 4.)

The Second Circuit has established that a court may adjust the local rates only in "rare circumstances," *Millea*, 658 F.3d at 166, and that the presumption that a "reasonable paying client would in most cases hire counsel from within his district" may be rebutted "only in the unusual case[.]" *Arbor Hill*, 522 F.3d at 191.  Despite Plaintiff's Counsel's fervent insistence that the firm's ERISA expertise entitled it to S.D.N.Y. rates, the Court finds that this is not one

of those "rare circumstances" or "unusual case."  The evidence that most significantly undercuts Counsel's argument is that Plaintiff hired counsel in this district, and it was Turley Redmond (not Plaintiff herself) who brought on Counsel.  (*See* Mem. in Supp. at 4.)  Therefore, Counsel has failed to overcome the presumption that Plaintiff would have hired counsel in this District at the rates charged by local attorneys.  While the Court certainly respects Counsel's expertise, the Court finds that it does not outweigh the uncontroverted fact that Plaintiff sought to pay E.D.N.Y. rates.

Turning now to calculating the E.D.N.Y. lodestar rate, in ERISA cases "[s]ome courts in this District have awarded a higher range of $300–$450 per hour for partners 'in large law firms and for attorneys with extensive experience with the particular issues of a case' and 'between $200 and $325 for senior associates and for attorneys with limited experience with the particular issues involved in the subject case; and $100-$200 for junior associates, or attorneys with little or no experience with the particular issues.'" *Flanagan v. Odessy Construction Corp.*, 2018 WL 1179889, at *11(E.D.N.Y. Feb. 9, 2018), *report and recommendation adopted by*, 2018 WL 1175164 (E.D.N.Y. Mar. 6, 2018) (quoting *Johnson v. City of New York*, 2016 WL 590457, at *5 (E.D.N.Y. Feb. 11, 2016)).  "As to paralegals, courts in the Eastern District of New York have held that $90-$100 per hour is a reasonable fee." *Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 343 (E.D.N.Y. 2014).

This Court finds that it is reasonable to award Counsel the highest end of this range based on the complexity of this case and Counsel's expertise in the ERISA area.  While these considerations were not enough to justify awarding Counsel the S.D.N.Y. rates, they do weigh in favor of awarding the highest end of the E.D.N.Y. range.  *See Flanagan*, 2018 WL 1179889, at

*12 (recommending a rate at the higher end of the range based on "all of the factors in this case, including the nature and complexity of the issues[.]"). Accordingly, the rates are as follows:

| Name | Position/Title | Reduced Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Scott M. Riemer | Partner with over 25 years of experience in ERISA-related litigation. | $450 | 177.6 | $79,920 |
| Paul M. Kampfer | Senior Associate with 12 years of experience in ERISA-related litigation. | $325 | 230.75 | $74,993.75 |
| Joseph Anci | Mid-level Associate with limited ERISA experience during 2009. | $275 | 106.05 | $29,163.75 |
| Sharon H. Lee | Mid-level Associate with 5 years of experience with ERISA litigation. | $275 | 248.05 | $68,213.75 |
| Jennifer Hess | Junior Associate with approximately two years of ERISA-related litigation experience. | $200 | 147.7 | $29,540.00 |
| Serge Zenin | Junior Associate with two years of ERISA-related litigation experience. | $200 | 35.55 | $7,110.00 |
| Audrey Berman, Ellen Mayer, and Kasandra Raux | Paralegals | $100 | 56.15 | $5,615.00 |

II.  *Reduction in the Hours Billed by 25% is Appropriate*

    a. Legal Standard

"In calculating the number of 'reasonable hours,' the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting *Di Filippo v. Morizio*, 759 F.2d 231, 234 (2d Cir. 1985)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary to the litigation . . . .'" *Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotation marks omitted). An across-the-board fee reduction is warranted when counsel relies on vague entries, excessive billing, or block billing practices that make it difficult for the court to assess reasonableness. *Anderson v. Cty. of Suffolk*, 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016). In those situations, "[c]ourts have imposed reductions as high as 40%[.]" *Id.*; *see also Barbu v. Life Ins. Co. of North America*, 2015 WL 778325, at *5 (E.D.N.Y. Feb. 24, 2015) (imposing a 33% reduction in total hours based on vague entries and block billing). Such percentage reductions are "a practical means of trimming fat from a fee application, and [are] a permissible way of reducing a fee award." *Caban v. Employees Sec. Fund of the Elec. Prod. Indus. Pension Plan*, 2015 WL 7454601, at *6 (E.D.N.Y. Nov. 23, 2015) (quoting *McDonald ex rel. Prendergast*, 450 F.3d 91, 96 (2d Cir. 2006)) (internal quotation marks omitted).

    b. A 25% Reduction is Appropriate

In the case at bar, Counsel submitted vague descriptions, block billing, and questionable entries (such as 160.55 hours spent on researching and drafting an appeal brief when they had already represented the case at trial before this Court). In view of the complexity of the issues in

this case, the length of the litigation, and the voluntary reduction Counsel has already taken, balanced against Counsel's impermissible billing practices, the Court finds that a 25% reduction is appropriate. Counsel points to three other cases in which their hours have been reduced: (1) *Winkler v. Metro Life Ins. Co.*, 2006 Wl 2347826, at *2 (S.D.N.Y. Aug. 10, 2006) (reducing the lodestar by 20% total, including a voluntarily reduction by Counsel of 10%); (2) *Taffe v. Life Ins. Co.*, 769 F. Supp. 2d 530 (S.D.N.Y. 2011) (applying an across-the-board 15% reduction in addition to Counsel's voluntary 10% reduction for a total of a 25% reduction); and (3) *Levitian v. Sun Life & Health Ins. Co. (US)*, 2013 WL 3829623, at *10 (S.D.N.Y. July 24, 2013) (finding the number of hours billed "excessive" given that "[a]ttorneys with their experience should not have needed this much time to draft [their papers]," and reducing the total by 30% in addition to Counsel's voluntary 10% "haircut"). The Court finds that the facts here mirror those in *Levitian*, which suggests that the attorneys of Riemer & Associates LLC have a pattern of excessive billing for their time considering their experience. Moreover, while Counsel states that the hours have already been voluntarily reduced, there is no allegation that this reduction approached anything close to ten percent. The Court has not reduced the hours by over 25%, as the court did in *Levitian*, because of the duration of this litigation. Accordingly, an across-the-board reduction of 25% of the attorneys' hours is appropriate and fits squarely within the range of what other Courts in New York have done to Counsel's hours.

Adding together the attorney rates delineated in the chart above, the total sum is $288,941.25. That sum reduced by 25%, or $72,235.3125, is $216,705.94. Adding in the paralegal rates of $5,615.00, the total is $222,320.94.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the unobjected to portion of the R&R for clear error. Finding none, the Court now concurs in both its reasoning and its result.

Pursuant to Fed. R. Civ. P. 72(b) the Court has reviewed the objected to portions of the R&R de novo. The Court finds that the highest end of the E.D.N.Y. lodestar is the reasonable fee, and that a 25% across-the-board reduction in attorneys' hours is appropriate. As such, the Court awards Plaintiff's Counsel a total of $222,320.94.

Accordingly,

**IT IS HEREBY ORDERED** that Turley Redmond takes nothing. Riemer & Associates LLC is awarded $222,320.94, plus costs in an amount of $659.90. Additionally, Plaintiff is granted prejudgment interest on the November 25, 2015 Judgment at a rate of 4%, and the Clerk of Court is directed to amend the November 25, 2015 Judgment to specify that post-judgment interest is to accrue pursuant to 28 U.S.C. § 1961.

Dated: Central Islip, N.Y.
       September 28, 2018                /s/ Denis R. Hurley
                                         Denis R. Hurley
                                         United States District Judge